UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5907 PA (Ex) | Date | January 21, 2015 |
|---|---|---|---|
| Title | United States v. Martin Casillas | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is the Government's Motion for Default Judgment (Docket No. 16). Pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for January 26, 2015, is vacated, and the matter taken off calendar.

The Government instituted this action on July 29, 2014. The Government seeks a permanent injunction requiring defendant Martin R. Casillas, doing business as Maca Wood ("Defendant"), to pay federal payroll and unemployment taxes he has allegedly withheld from his employees but failed to timely pay to the Internal Revenue Service. According to the allegations contained in the Complaint, as well as the evidence submitted in support of the Government's Motion for Default Judgment, the Government has repeatedly warned Defendant concerning his obligations under the tax laws, made repeated efforts to collect the taxes owed by Defendant, and Defendant has systematically failed to pay the taxes he owes.

The Clerk entered Defendant's default on December 15, 2014. The Government filed a Motion for Default Judgment on December 22, 2014. Pursuant to Local Rule 7-9, any Opposition to the Motion for Default Judgment was due not later than 21 days before the January 26, 2012 hearing date. No timely Opposition was filed.

Federal Rule of Civil Procedure 55(b)(2) grants the Court the power to enter a default judgment. The Court need not make detailed findings of fact in the event of a default judgment. Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414 (9th Cir. 1990). The general rule is that upon entry of a default, well-pleaded allegations in the complaint regarding liability are deemed true. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977). Factors the Court should consider in evaluating a motion for entry of default judgment include: "(1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5907 PA (Ex) | Date | January 21, 2015 |
|---|---|---|---|
| Title | United States v. Martin Casillas | | |

    Here, the Court finds that these factors weigh in favor of granting the Government's Motion. In light of the well-pleaded allegations in the Complaint, the Government's interest in an efficient resolution of the case outweighs any Defendant's interest in adjudication on the merits. See PepsiCo v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible. Under Fed. R. Civ. P 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action.").

    The Court has reviewed the proposed Permanent Injunction sought by the Government. In determining the Government's entitlement to injunctive relief, the Court has applied the standard adopted by the Supreme Court for assessing the appropriateness of issuing a permanent injunction:

> According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391, 126 S. Ct. 1837, 1839, 164 L. Ed. 2d 641 (2006). In confirming the standard to apply when issuing injunctive relief, the Supreme Court noted that it has "consistently rejected invitations to replace traditional equitable considerations with a rule that an injunction automatically follows a [liability] determination . . . ." Id. at 392-93, 126 S. Ct. 1840.

    In weighing the four factors, the Court concludes that the Government is entitled to all of the relief it requests. The Court therefore grants the Government's Motion for Default Judgment and will sign and enter a Permanent Injunction that includes all of the relief requested by the Government.

    IT IS SO ORDERED.